UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4521

ENOCH WESLEY CLARK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-98-15)

Submitted: October 30, 1998

Decided: November 17, 1998

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth R. Melvin, MARCUS, SANTORO, KOZAK & MELVIN,
P.C., Portsmouth, Virginia, for Appellant.  Helen F. Fahey, United
States Attorney, James A. Metcalfe, Assistant United States Attorney,
Darryl J. Mitchell, Special Assistant United States Attorney, Kenneth
L. Poortvliet, Third Year Law Student, Norfolk, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Enoch Wesley Clark, Jr., of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Clark contends there is insufficient evidence to show that he exercised dominion and control over the cocaine base. Finding no reversible error, we affirm.

We review challenges to the sufficiency of the evidence by viewing the evidence at trial in the light most favorable to the prosecution, including all reasonable inferences that can be drawn from the evidence. See Glasser v. United States, 315 U.S. 60, 82 (1942). In November 1996, police officers executed a search warrant at the home of William Norman. In the home, police found Clark, Norman, and two other individuals. Detective Grover observed Clark leaving a hallway bathroom and going towards a bedroom directly across the hall. Clark, who was dressed in a bathrobe, was placed on the floor by police in front of the bedroom and handcuffed. There was no one in the bedroom. In the bathroom, Grover found an eye glass case containing $393 in soaking wet currency, later found to belong to Clark.

Clark was taken to another section of the house. He asked if he could put his pants on. He told Grover that his pants were in his room and pointed with his head towards the bedroom he was just seen trying to enter. Grover went to the bedroom, found a pair of men's pants, and gave them to Clark, who put them on. Grover searched the bedroom and found three baggies containing cocaine on top of a dresser. Also on the dresser was a plate with a razor, a film canister containing cocaine, a cellular phone, a pager, a birthday card written to Clark, and information from the Division of Motor Vehicles with Clark's name on it. A digital scale was recovered from the top drawer. Near the dresser, there were photographs of Clark with other people.

2

Also found in the bedroom were an I.D. card, a prescription bottle, and a box from Rite Aid--all with Clark's name on them. In addition, police recovered two more pagers and two handguns. The handguns were located under the mattress. No personal items found in the bedroom belonged to any person other than Clark.

Clark testified that he was not living at the house at the time of the search, although he had stayed there in the past. He also referred to the bedroom as a den shared by visitors and members of the household.

To prove possession with intent to distribute, the Government must prove beyond a reasonable doubt that Clark: (1) knowingly; (2) possessed the controlled substance; and (3) with the intent to distribute it. See United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). Clark asserts on appeal that the evidence was insufficient to establish the second element, that he possessed the controlled substance.

We affirm a criminal conviction challenged on sufficiency grounds if any rational factfinder, viewing the evidence in the light most favorable to the Government, could have found every essential element of the offense beyond a reasonable doubt. See United States v. Hudgins, 120 F.3d 483, 486 (4th Cir. 1997) (emphasis added). As for the possession element of § 841(a), "[a]ctual or sole possession of a controlled substance is not required; constructive possession is sufficient, which the government can prove by showing that the defendant exercised, or had the power to exercise, dominion and control over the item." Rusher, 966 F.2d at 878. Constructive possession may be established by either circumstantial or direct evidence. See United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980). Thus, Clark's challenge must fail if it can be shown that any reasonable factfinder could find beyond a reasonable doubt that he had the power to exercise dominion and control over the cocaine base.

A defendant's mere presence on the premises where drugs are found is insufficient to establish possession of the drugs. See Rusher, 966 F.2d at 878. There is more than sufficient evidence, however, to establish that Clark was not merely present at Norman's home. First, Clark told the police that the bedroom was his room. Clark's residence at Norman's home in a room containing the narcotics and the

3

drug paraphernalia is sufficient to sustain the conviction. See United States v. Morrison, 991 F.2d 112 (4th Cir. 1993). Second, the bedroom contained the narcotics and several personal items belonging to Clark, such as his pants, an I.D. card, and prescription medication. See United States v. Dunlap, 28 F.3d 823, 826 (8th Cir. 1994) (important personal items belonging to the appellant, such as documents, in the same location as the drugs may indicate constructive possession); United States v. Blackwood, 913 F.2d 139, 143 (4th Cir. 1990) (personal items found in room can establish that defendant had dominion and control over the room and over the narcotics seized within the room). Third, Clark was found in possession of a large amount of cash, which is consistent with a narcotics distribution enterprise. See United States v. Fisher, 912 F.2d 728, 731 (4th Cir. 1990).

Despite Clark's contention that the bedroom was a common room shared with others, there were no personal items seized which belonged to anyone else, nor was there anyone in the room when police arrived. In any event, determinations of credibility are within the sole province of the jury and are not susceptible to judicial review. See United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (quotation omitted), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868).

Accordingly, we affirm Clark's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4